IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA



Alexandria Division

| | | |
|---|---|---|
| Jerome Greene,<br>  Petitioner, | )<br>)<br>) | |
| v. | ) | 1:10cv638 (AJT/TRJ) |
| Director, Department of Corrections,<br>  Respondent. | )<br>)<br>)<br>) | |

MEMORANDUM OPINION

Jerome Greene, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of rape in the Circuit Court for the City of Richmond, Virginia. Respondent has filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and exhibits. Greene was given the opportunity to file responsive materials, pursuant to Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has opted to file no reply. For the reasons that follow, Greene's claims must be dismissed.

I. Background

On September 13, 2007, following a bench trial, Greene was convicted of one count of rape. Case No. CR06-F-3831. On October 12, 2007, he was sentenced to a term of imprisonment of forty (40) years, with fifteen (15) years suspended. Resp. Ex. A.

Greene prosecuted a direct appeal of his conviction, raising the following claims:

  1.  Was the evidence presented at trial by the Commonwealth sufficient under the law to sustain the conviction of the appellant?

1

2. Did the court err when it denied the appellant's motion to suppress a statement made to law enforcement when the appellant was under the influence of alcohol and drugs that affected his ability to make a voluntary confession?

Resp. Ex. B, Question [sic] Presented. By Order dated December 17, 2008, Greene's conviction was affirmed by a judge of the Court of Appeals of Virginia. Greene v. Commonwealth, R. No. 1506-08-2 (Va. Ct. App. Dec. 17, 2008); Resp. Ex. D. Greene's petition for further review of that decision by the Supreme Court of Virginia subsequently was refused. Greene v. Commonwealth, R. No. 090174 (Va. Aug. 26, 2009).

Greene then turned to the federal forum and timely filed the instant application for habeas corpus relief pursuant to § 2254 on or about June 9, 2010,[1] reiterating the same two claims he made on his direct appeal. On September 10, 2010, respondent filed a Rule 5 Answer and a Motion to Dismiss Greene's claims, along with a supporting brief and exhibits. Respondent provided petitioner with notice pursuant to Roseboro, 528 F.2d at 309, and Greene has filed no reply. As respondent acknowledges that petitioner's claims are exhausted,[2] the petition is ripe for review on the merits.

---

[1] A pleading submitted by an incarcerated person is deemed filed when it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266 (1988); Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991). Here, petitioner did not indicate the date that he placed his petition in the prison mailing system, but it was date-stamped as received by the Clerk on June 9, 2010. Pet. at 1. Because the initial petition was unsigned, in violation of Fed. R. Civ. P. 11(a), petitioner was directed to resubmit a petition including his original signature, and petitioner complied with those instructions on July 6, 2010. (Docket ## 2, 4).

[2] Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia must first have presented the same factual and legal claims raised in his § 2254 application to the

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## III. Analysis

In his first claim, Greene argues that the evidence was insufficient to convict him beyond a

---

Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

3

reasonable doubt, in violation of his right to due process. Specifically, petitioner contends, as he did in the state courts, that the prosecution failed to exclude the reasonable hypothesis of innocence that the victim had consensual sex with petitioner and then was raped by another, unknown assailant. When petitioner challenged the sufficiency of the evidence on his direct appeal on this basis, the Virginia Court of Appeals rejected his argument on the following holding:

> "On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).
>
> So viewed, the evidence proved that on January 20, 2006, Sarah Warder went to dinner with her friend Charles Morrison. Warder consumed alcohol at the restaurant and at two bars the pair went to after dinner. Morrison left her at the second bar. Warder testified that she went out to the parking lot shortly before the establishment closed to look for Morrison. When she could not find him, she squatted down to use her cellular telephone. A man approached her in the parking lot and spoke with her. Warder explained that due to her high level of intoxication, she had gaps in her memory of the events that followed. She recalled walking to a house and going to a bathroom where she made telephone calls. When she exited the bathroom, she was attacked and raped. Warder escaped after the incident and called for help.
>
> She was examined and treated at a hospital by a forensic nurse examiner. DNA collected during the examination was linked to appellant.
>
> Appellant argues 'the Commonwealth failed to prove beyond a reasonable doubt that [he] was the individual that committed the offense.' He asserts that due to the victim's intoxication, she could have forgotten having a consensual encounter with appellant before being raped by an unknown third party.
>
> Circumstantial evidence may establish the elements of a crime, provided it excludes every reasonable hypothesis of innocence. See, e.g., Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d

> 419, 420 (1994). However, 'the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant.' Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). Whether a hypothesis of innocence is reasonable is a question of fact, see Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and a finding by the trial court is binding on appeal unless plainly wrong, see Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).
>
> Warder consistently indicated that she was attacked by a single perpetrator. The DNA evidence confirmed appellant was the source of the DNA collected during the examination. Appellant concedes he had sexual intercourse with the victim.
>
> The trial court accepted the Commonwealth's evidence and rejected appellant's hypothesis of innocence. 'The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented.' Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The evidence supports the court's conclusions. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of rape.

Resp. Ex. D at 1 - 2. Because the foregoing order was the last reasoned state court decision on the claim at issue, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); Sumner

v. Mata, 449 U.S. 539, 546-47 (1981); see Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

Here, for the reasons expressed in the Court of Appeals' opinion, it is apparent that a rational trier of fact could have found Greene guilty of the rape with which he was charged. See Jackson, 443 U.S. at 319. As the Court noted, the victim consistently indicated that she had been attacked by a single perpetrator, and Greene was determined to have been the source of the DNA collected when she was examined. Moreover, Greene initially denied to the police that he was ever at the scene of the rape, and then eventually stated that he had consensual sex with the victim. Tr. 9/13/07 at 121; Resp. Ex. G. These conflicting accounts allowed the trial court appropriately to conclude that Greene had lied to the interrogating officer to conceal his guilt. Wright v. West, 505 U.S. 227, 296 (1992). Under these circumstances, the state courts' determination that Greene's conviction is supported by sufficient evidence was neither contrary to, nor an unreasonable application of, controlling federal law, Jackson, supra, nor was it based on an unreasonable interpretation of the record facts. Accordingly, the same result is compelled here. Williams, 529 U.S. at 412 - 13.

In his second claim, Greene argues that his conviction is unlawful because the trial court wrongfully denied his motion to suppress his statement to the police. Specifically, Greene contends that his statement was involuntary because he was interrogated while under the influence of drugs

6

and alcohol.[3] When presented with this same claim, the Virginia Court of Appeals found it to be without merit, as follows:

> Following his arrest, appellant was interviewed by the police. Appellant indicated he had been consuming cocaine and alcohol. He was handcuffed during the interview. Appellant argues his statement was not voluntarily made.
>
> Detective Jeffrey Crewell testified appellant had no trouble walking or speaking during the interview. Appellant spoke with the detective for over an hour before suggesting he was intoxicated. The trial court viewed a recording of the interview and noted appellant 'appeared to be alert and oriented.'
>
> 'The Commonwealth has the burden to prove, by a preponderance of the evidence, that a defendant's confession was freely and voluntarily given.' Bottenfield v. Commonwealth, 25 Va. App. 316, 323, 487 S.E.2d 883, 886 (1997). 'In assessing voluntariness, the court must determine whether "the statement is 'the product of an essentially free and unconstrained choice by its maker,' or ... whether the maker's will 'has been overborne and his capacity for self-determination critically impaired.'" Roberts v. Commonwealth, 18 Va. App. 554, 557, 445 S.E.2d 709, 711 (1994) (quoting Stockton v. Commonwealth, 227 Va. 124, 140, 314 S.E.2d 371, 381 (quoting Schneckloth v. Bustamonte, 412 U.S. 218, 225 (1973)), cert. denied, 469 U.S. 873 (1984)). When making such a determination, 'courts look to the totality of all the surrounding circumstances,' including the defendant's background, experience, mental and physical condition and the conduct of the police.' Commonwealth v. Peterson, 15 Va. App. 486, 488, 424 S.E.2d 722, 723 (1992) (quoting Gray v. Commonwealth, 233 Va. 313, 324, 356 S.E.2d 157, 163, cert. denied, 484 U.S. 873 (1987)). '[S]tatements made during a custodial interrogation and while intoxicated are not *per se* involuntary or inadmissible.' Sellers v. Commonwealth, 41 Va. App. 268, 274, 584 S.E.2d 452, 455 (2003).
>
> The record supports the court's determination that appellant's will

---

[3] Petitioner restricted his challenge, both in the state forum and here, to the voluntariness of his statement to the police. See Edwards v. Arizona, 451 U.S. 477, 484 (1981) ("[T]he voluntariness of a consent or an admission on the one hand, and a knowing and intelligent waiver on the other, are discrete inquiries.")

> was not overborne or that he was impaired. Accordingly, we find no error with the court's denial of appellant's motion to suppress.

Resp. Ex. D at 3.

On habeas corpus review of a state determination that a statement was obtained in accordance with the Constitution, the federal court is required independently to ascertain the applicable federal law as a first step in determining the ultimate question of whether the state court's holding was contrary to, or an unreasonable application of, that law. Lam v. Kelchner, 304 F.3d 256, 264 (3d Cir. 2002) ("The ultimate issue of voluntariness is a legal question requiring an independent federal determination.") The Supreme Court has made it clear that a statement is involuntary when the suspect's "will was overborne in such a way as to render his confession the product of coercion." Arizona v. Fulminante, 499 U.S. 279, 288 (1991). In determining the issue of voluntariness, a court must consider "the totality of all the surrounding circumstances - both the characteristics of the accused and the details of the interrogation." Dickerson v. United States, 530 U.S. 428, 434 (2000) (quoting Schneckloth, 412 U.S. at 226). These surrounding circumstances include "not only the crucial element of police coercion," Colorado v. Connelly, 479 U.S. 157, 167 (1986), but also may include "the length of the interrogation, its location, its continuity, the defendant's maturity, education, physical condition, and mental health." Withrow v. Williams, 507 U.S. 680 (1993) (internal citations omitted). Although federal review of the final issue of voluntariness is plenary, subsidiary factual findings of the state court are presumed correct pursuant to § 2254 (d), and federal courts "should ... give great weight to the considered conclusions of a coequal state judiciary." Miller v. Fenton, 474 U.S. 104, 112 (1985); Correll v. Thompson, 63 F.3d 1279, 1290 (4th Cir. 1995), cert. denied sub nom. Correll v. Jabe, 516 U.S. 1035 (1996). The petitioner for § 2254 relief

bears the burden of establishing by a preponderance of the evidence that his statement was involuntary. Degraffenreid v. McKellar, 883 F.2d 68 (4th Cir. 1989) (unpublished; available at 1989 WL 90569), cert. denied, 494 U.S. 1071 (1990).

In this case, Greene has failed to carry his burden of demonstrating that his statement was involuntary. The state court found as fact pursuant to the interrogating officer's testimony that Greene had no trouble walking or speaking during his interview, and that the interview went on for over an hour before Greene suggested that he was intoxicated. After viewing a recording of the interview, the trial court noted that Greene "appeared to be alert and oriented." Greene v. Commonwealth, R. No. 1506-08-2, slip op. at 3. When these factual determinations are presumed correct, as appropriately they must be, Miller, 474 U.S. at 112, the totality of circumstances supports the state courts' finding that Greene's statement was not the product of coercion. Cf. Fulminante, 499 U.S. at 288. Accordingly, the conclusion that the statement was voluntary and hence admissible was neither contrary to, nor an unreasonable application of, controlling federal principles, Fulminante, supra, and federal relief on Greene's contrary argument must be denied. Williams, 529 U.S. at 412 - 13.

## IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition will be dismissed. An appropriate Order shall issue.

Entered this 1st day of March 2011.

Alexandria, Virginia

Anthony J. Trenga
United States District Judge

9